UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOSEA JONES, III,

               Plaintiff,                CIV. S-03-1161-PAN

        v.

JO ANNE B. BARNHART,            Memorandum of Decision
Commissioner of Social
Security,

               Defendants.

—o○o—

     Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

     If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working.  20 C.F.R. § 416.920(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 416.920(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments

that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 416.920(f).

Defendant found plaintiff has a "severe" but no listed impairment, retains the physical capacity for sedentary work, and considering his age and education, the medical-vocational guidelines dictated a finding he is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must

consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. Gonzalez, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erred by failing to find he satisfied listing 12.05(C), failed to develop the record, wrongly discredited plaintiff's testimony and improperly applied the medical-vocational guidelines.

In pertinent part, Listing 12.05(C) describes mental retardation. The listing is met if there is evidence of a valid verbal, performance or full scale IQ of 60-69 with deficits in adaptive behavior initially manifested before age 22, and a physical or other mental impairment imposing additional and significant work-related limitations of function. See Listing 12.05, 20 C.F.R., Ch. III, Part 404, Subpart P, Appendix 1. Plaintiff points to no evidence in the record to support the required findings vis-à-vis his counsel's opinion about the matter.

In June 2001, Dr. Roscoe Martin reported that "[t]his patient is totally disabled." Tr. 255. Dr. Martin found

plaintiff was disabled as a result of paralysis of his left leg
and scarring of the tendon in his right hand and forearm.   Tr.
253.  His findings were based upon plaintiff's "medical history
and clinical findings."  Id.  Defendant rejected the evidence on
the ground there was no evidence in the record Dr. Martin ever
treated plaintiff and it was inconsistent with the other medical
opinions.  Plaintiff does not argue Dr. Martin was a treating
physician but argues that if he were, the weight of his opinion
would be entitled to special assessment, and because Dr. Martin
referred to plaintiff as "patient" defendant was required to
better develop the record by inquiring about the relationship
between Dr. Martin and plaintiff.  As there is no evidence in the
record that Dr. Martin ever examined plaintiff, let alone treated
him, and plaintiff himself does not suggest he did, the claim is
illusory and defendant was permitted to reject the opinion for
the reason given.  See Andrews v. Shalala, 53 F.3d 1035 (9th Cir.
1995); Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1998) (explaining
legal standards for assessing weight of various kinds of
conflicting medical evidence).

Defendant found plaintiff "has status post left muscle
surgery for abscess with atrophy of the left upper thigh and
weakness in the knee extensors, borderline intelligence, and
status post resection of large cystic abdominal mass."  Tr. 15.
Defendant also acknowledged plaintiff suffers from asthma.  Tr.
16.  Plaintiff testified he was disabled by paralysis of one leg,
stomach pain and breathing problems.  Defendant discredited

plaintiff's testimony he was disabled by a breathing problem because the objective medical evidence was negative and there was no record of any treatment.  Tr. 16.  Defendant discredited plaintiff's complaints of paralysis and disabling stomach pain in part upon her finding there was no objective evidence of a diagnosed impairment that would explain the symptoms, his treating providers did not identify the impairments and he was not being treated for them.  Tr. 17.  To the extent defendant was required to explain why she denied benefits upon the basis of plaintiff's subjective complaints alone, she gave specific and cogent reasons and that is all that was required.  See Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1995).  There being no other error, the medical-vocational guidelines were properly applied.

The decision denying benefits is affirmed.

Dated:  May 2, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge